JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Carlton Marbury, appeals his conviction for arson. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On June 1, 2005, Marbury was indicted on four counts of aggravated arson, in violation of R.C. 2909.02. In count one of the indictment, he was charged with a second degree felony for the physical property that was destroyed as a result of the fire. Counts two through four of the indictment were all first degree felonies because of the risk of serious harm to other individuals as a result of the fire.
 {¶ 3} At his arraignment, Marbury pleaded not guilty, and jury trial commenced on August 22, 2005. The state presented seven witnesses and rested. At the close of the state's case, Marbury asserted a Crim.R. 29 motion for acquittal. The trial court denied the motion, and Marbury presented his case. After taking the stand himself and then calling his mother as a witness, Marbury rested. On September 1, 2005, the jury returned a verdict finding him guilty of one count of aggravated arson, a felony in the second degree. He was found not guilty on the three remaining counts of aggravated arson. Marbury was sentenced on October 20, 2005 to a term of seven years incarceration.
 {¶ 4} The incidents that gave rise to the charges against Marbury began in March 2005, when he moved into a home located on East 79th Street in the city of Cleveland. The owner of the home, Dionne Thomas Carmichael, described the property as a boarding house with five bedrooms that she leased to tenants. Although Carmichael did not have formal written lease agreements with her tenants, they all were aware that the terms of the lease were month-to-month, and they paid rent to her accordingly. In March 2005, Carmichael initiated eviction proceedings against Marbury because she had not authorized him to live in the home, and he was not paying her rent. Marbury and Carmichael had numerous conversations and arguments about his staying in the house; however, he refused to leave.
 {¶ 5} On May 3, 2005, Marbury was served with a summons to appear in Cleveland Housing Court regarding an eviction action brought on behalf of Carmichael. On May 6, 2006, three days after he had received the summons, a fire was set to Carmichael's property. At the time of the fire, tenants Johnny Forte, Wesley Jackson and Emmitt Prayer were renting rooms from Carmichael. Forte testified at trial that on the evening of the fire, Marbury went upstairs to the room where he had been living, stayed in the room for 15 to 20 minutes, and then left the house. Forte stated that roughly 15 minutes after Marbury left the house, the smoke detectors located near Marbury's room activated. When Forte walked upstairs to see what was happening, he was confronted by clouds of dark smoke that filled the upstairs hallway. Forte alerted the other tenants to the fire, and they left the building.
 {¶ 6} The Cleveland Fire Department responded to the scene and extinguished the fire; however, the house sustained significant damage. After a thorough inspection of the house, Fire Lieutenant Victor Gill determined that the fire originated in Marbury's room and was intentionally set by an open flame, such as a match or a lighter. After Gill completed his examination, Marbury returned to the house, and Gill questioned him about the fire that had originated in his room. He seemed disinterested and proceeded to eat a sandwich as he spoke with Gill. After observing his behavior, Gill read him his Miranda
rights, but Marbury remained non-responsive. Gill placed Marbury under arrest and conducted a pat-down search, which uncovered a charred Bible and a lighter.
 {¶ 7} Marbury brings this appeal asserting two assignments of error for our review:
 {¶ 8} "I. The trial court erred in denying defendant's motion for acquittal on the charge of aggravated arson."
 {¶ 9} "II. The verdict of guilt on the charge of aggravated arson was against the manifest weight of the evidence."
 {¶ 10} Because the appellant's assignments of error are substantially interrelated, they will be addressed together. He argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal. More specifically, he asserts that the state provided insufficient evidence to support a conviction for aggravated arson. He further contends that, because of the insufficient evidence offered by the state, the jury's guilty verdict was against the manifest weight of the evidence.
 {¶ 11} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, citing Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 12} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely
(1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259; Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 13} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. Cityof Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 14} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v. Florida, (1982),457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E. 2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 15} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 16} Although the appellant argues that his guilty verdict was not supported by sufficient evidence and was against the manifest weight of the evidence, we do not agree. The state presented seven witnesses against the appellant, three of whom resided in the same house as the appellant at the time of the fire. Tenant Johnny Forte testified that the appellant left his room several minutes before the fire detectors activated. After escaping the blaze, Forte saw the appellant and explained to him that his room had caught fire; however, the appellant appeared completely unfazed and indifferent. Emmitt Prayer, another tenant in the house, testified that the appellant arrived at the scene of the fire after it had been extinguished and seemed to be happy that the house had burned. Emmitt recalled the appellant stating, "I'm glad her house caught on fire," all the while smiling and laughing.
 {¶ 17} In addition to the appellant's complete lack of concern, witness Michael Gross, who lived in the neighborhood where the fire occurred, testified that the appellant asked him for a ride, expressing that he really needed to leave. Lastly, Lieutenant Gill of the Cleveland Fire Department conducted an extensive inspection of the appellant's room and determined that the fire was intentionally started in the room with matches or a lighter. After speaking with the appellant and determining that his behavior was suspicious, Lieutenant Gill placed him under arrest and conducted a pat-down search, during which he discovered a charred Bible and a lighter on the appellant's person.
 {¶ 18} It is clear from appellant's actions immediately preceding the fire, his urgent need to leave the area, his general indifference towards the destruction of his own room, as well as the charred Bible and lighter found on his person, that the state presented more than sufficient evidence to support the trial court's decision to deny the appellant's motion for acquittal.
 {¶ 19} Similarly, when evaluating the evidence presented at trial, it is apparent that the jury's verdict was not against the manifest weight of the evidence. Accordingly, appellant's assignments of error are without merit, and the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs;
Corrigan, J., Dissents (with separate opinion).